CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORA-TION, APPELLANT, *v.* SWINGERS, INC., A NEVADA CORPORATION DBA MR. UPTIGHTS AND DOES I–X, RESPONDENTS.

CITY OF LAS VEGAS, NEVADA, A MUNICIPAL CORPORA-TION, APPELLANT, *v.* SWINGER, INC., DBA SWING-ERS BOUTIQUE AND DOES I–X, RESPONDENTS.

No. 7089

October 17, 1973                     514 P.2d 1189

*Carl E. Lovell,* City Attorney, *Joan D. Buckley* and *Daniel Ahlstrom,* Deputy City Attorneys, of Las Vegas, for Appellant.

*Henry R. Gordon,* of Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

The City of Las Vegas sought to enjoin respondent book-store operators from the sale, distribution, possession or acquisition of allegedly obscene materials. Two police officers purchased from them four books containing pictures and explanatory articles and a film depicting certain sexual activities. At the hearing the method of proof consisted merely of the introduction into evidence of the books and film without further offer of expert testimony to establish that the evidence violated contemporary standards of decency and was without redeeming social value or in any other respects offended the obscenity laws.

The action was commenced September 20, 1971, the hearing held early in 1972. The trial court dismissed the complaint on the basis that the city failed to carry its burden of proving the evidence was obscene.

At that time accepted procedure in such cases consisted of the production of evidence and witnesses to establish the offensive materials as pornographic on national standards, whatever those might be. However, after the trial, but before this appeal was heard, the U.S. Supreme Court rendered decisions in the cases of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674 (1973); Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796 (1973); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680 (1973). Arguably, proper disposition of the instant case might be altered by these decisions, which the district court has never had an opportunity to consider. The issues in this regard are important and we believe the lower court should be permitted to rule upon them in the light of full argument by counsel. Hence, we remand this case without decision for full exploration of all questions including those of retroactivity, statutory construction and fulfillment of procedural requisites of proof, findings and decision.